IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OUR LADY OF LOURDES HEALTH SYSTEM, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 09-1875 (JBS/JS) |
| v. | **OPINION** |
| MHI HOTELS, INC. HEALTH AND WELFARE FUND and ABC HEALTH AND WELFARE FUND 1-10, | |
| Defendants. | |

APPEARANCES:

John T. Grogan, Esq.
BUBB, GROGAN & COCCA, LLP
25 Prospect Street
Morristown, NJ 07960
        Counsel for Plaintiff Our Lady of Lourdes Health System

Joseph F. Bouvier, Esq.
MATTIONI LTD
1316 Kings Highway
Swedesboro, NJ 08085
        Counsel for Defendant MHI Hotels, Inc. Health and Welfare
        Fund

**SIMANDLE**, District Judge:

        This matter is before the Court on Defendant MHI Hotels,

Inc. Health and Welfare Fund's motion to dismiss [Docket Item 4],

in which Defendant argues that this action is both completely

preempted under § 502(a) of the Employee Retirement Income

Security Act ("ERISA"), as well as expressly preempted, under §

514(a) of ERISA.  Plaintiff Our Lady of Lourdes Health System

replies that its claims against Defendant, admittedly an ERISA

Plan, arise entirely from third-party contracts executed by the

ERISA Plan and independent of the ERISA Plan and so are not preempted by either ERISA provision.  For the reasons set forth below, the Court finds that Plaintiff's claims are not subject to complete preemption, but are expressly preempted by ERISA § 514(a).

**I.    BACKGROUND**

**A.    Facts**

Plaintiff is a medical services provider that serves, among others, persons insured by Defendant, a group health care coverage benefits provider.  (Compl. at 1.)  The parties do not dispute that Defendant is an ERISA employee welfare benefit plan pursuant to 29 U.S.C. § 1002(1).[1]  Plaintiff entered a contract with Intergroup Preferred Network Services, Corp. ("Intergroup") or Beech Street[2] to become a member of a Participating Provider

---

[1]

An ERISA Plan is a legal entity that can sue and be sued.  29 U.S.C. § 1132(d)(1).  Accordingly, the term "Plan" refers not only to the defendant in the underlying lawsuit and the appellee before this Court, but also to the underlying "[r]ules governing collection of premiums, definition of benefits, submission of claims, and resolution of disagreements over entitlement to services" that make up an employee welfare plan.  Pegram v. Herdrich, 530 U.S. 211, 223 [] (2000).

Pascack Valley Hosp. v. Local 464A UFCW Welfare, 388 F.3d 393, 395 n.1 (3d Cir. 2004).

[2] Plaintiff's complaint alleges that Plaintiff contracted with Beech Street, (Compl. at 1), whereas in its opposition to Defendant's motion to dismiss Plaintiff asserts that it contracted with Intergroup and that Beech Street leased access to

(continued...)

Organization ("PPO") network and to accept discounted payments
for group health coverage subject to the conditions in the
contract, which included a requirement that discounted payments
be made within a certain specified time period.  (Compl. at 1-2;
Grogan Certification ¶ 5.)  Defendant contracted with Beech
Street in order to access the discounted rates to be paid to
Plaintiff, subject to the conditions of Plaintiff's contract with
Intergroup or Beech Street, including the time limit for
discounted payments.  (Compl. at 2; Grogan Certification ¶¶ 4-6.)

        For two periods of time, from November 15, 2002 through
December 4, 2002, and then from December 17, 2002 through January
31, 2003, Plaintiff provided heath care services to Robert J
Giorgi, a subscriber of Defendant's health care plan.  (Compl. at
3-4.)  The total amounts for services provided to Mr. Giorgi were
$130,135.00 and $490,625.  (Id.)  Defendant paid $15,641.33 and
$72,450.00, respectively, leaving $113,282.00 and $418,175.00
unpaid.  (Id.)  Plaintiff alleges that Defendant submitted these
discounted payments outside the required time period, thereby
breaching a condition precedent of their contractual obligation.
(Id.)  Plaintiff asserts that Defendant has been unjustly
enriched to the detriment of Plaintiff and that Plaintiff is
entitled to recover the remaining costs of medical service

_____

[2](...continued)
Intergroup's contract with Plaintiff, (Grogan Certification ¶ 3).
The precise nature of the contractual relationship appears to be
irrelevant to this motion to dismiss, for whatever the
arrangement, Plaintiff is seeking to enforce the same contract.

provided to Mr. Giorgi.  (Id.)

   **B.   Procedural History**

   On March 19, 2009, Plaintiff brought suit in New Jersey
Superior Court, Camden County.  On April 20, 2009, Defendant
removed the action to this Court, asserting diversity
jurisdiction pursuant to 28 U.S.C. § 1332, and federal question
jurisdiction pursuant to 28 U.S.C. § 1331.  Defendant then moved
to dismiss asserting complete preemption under § 502(a) of ERISA,
as well as express preemption, under § 514(a) of ERISA.

**II.  DISCUSSION**

   **A.   Standard of Review**

   In its review of Defendants' motion to dismiss pursuant to
Rule 12(b)(6), Fed. R. Civ. P., the Court must "accept all
factual allegations as true, construe the complaint in the light
most favorable to the plaintiff, and determine whether, under any
reasonable reading of the complaint, the plaintiff may be
entitled to relief."  Phillips v. County of Allegheny, 515 F.3d
224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd.,
292 F.3d 361, 374 n.7 (3d Cir. 2002)).  Thus, "to survive a
motion to dismiss, a complaint must contain sufficient factual
matter, accepted as true, to 'state a claim to relief that is
plausible on its face.'" Ashcroft v. Iqbal, ---U.S. ---, 129 S.
Ct. 1937, 1949 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203,
210 (3d Cir. 2009).  Furthermore, "In deciding motions to dismiss
pursuant to Rule 12(b)(6), courts generally consider only the

4

allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citation omitted).

**B.   Complete Preemption Under § 502(a)**

ERISA's civil enforcement mechanism, § 502(a), has "such extraordinary pre-emptive power" that all state law causes of action that are within its scope are completely preempted. Pascack Valley Hosp. v. Local 464A UFCW Welfare, 388 F.3d 393, 399-400 (3d Cir. 2004) (quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004)).  In Pascack the Third Circuit outlined the test, provided by the Supreme Court in Davila, for determining whether a claim falls within the scope of § 502(a).  A claim is completely preempted if (1) the plaintiff could have brought the action under § 502(a) and (2) no other legal duty supports the plaintiff's claim.  Pascack, 388 F.3d at 400.

The Pascack decision is dispositive as to Defendant's assertion of complete preemption.  In Pascack, as here, the plaintiff was a medical services provider seeking to enforce contractual obligations of an ERISA plan.  Id. at 396.  In Pascack, as here, the hospital entered into a contract in which it agreed to accept discounted payment for medical services provided to beneficiaries of group health plans, conditioned on the timely payment of those costs.  Id.  In Pascack, as here, the ERISA plan entered into a contract binding it to timely payment

5

in order to take advantage of the plaintiff's discounted rates.
Id.  Finally, in Pascack, as here, the hospital alleged "that the
Plan breached this contract by improperly taking a discount on
the services provided to [beneficiaries] despite the Plan's
failure to make timely payment under the Subscriber Agreement."
Id. at 397.  The Third Circuit concluded that the hospital's
claim was not completely preempted under § 502(a), first because
there was no evidence that the beneficiaries had assigned their §
502(a) claims to the hospital, id. at 400-02, and second because
the hospital's right to recovery "depend[ed] entirely on the
operation of third-party contracts executed by the Plan that are
independent of the Plan itself," id. at 404-06.  In so finding,
the Court of Appeals found significant that the beneficiaries did
not appear to be parties to the Subscriber Agreement and that the
dispute was not over the right to payment, but the amount of
payment, which depended upon the terms of the Agreement.  Id. at
403-06.

Defendant does not point to any facts that distinguish the
present case from Pascack and the Court can find none.
Plaintiff's claims similarly arise from the operation of third-
party contracts to which the beneficiaries were not a party and
the dispute is similarly over the amount of payment as governed
by those third-party contracts.  It is therefore clear under
Pascack that Plaintiff's claim is not completely preempted

because it does not satisfy the second <u>Davila</u> requirement[3] --
Plaintiff's claims are supported by a duty under contract and not
merely § 502(a).  <u>See</u> <u>Pascack</u>, 388 F.3d at 400, 402-06.[4]

### C.    Express Preemption Under § 514(a)

ERISA contains, in addition to its complete preemption power
under § 502(a), an express preemption provision.  Section 514(a)
provides, with some exceptions not relevant here, that "the
provisions of this subchapter and subchapter III of this chapter
shall supersede any and all State laws insofar as they may now or
hereafter relate to any employee benefit plan . . . " 29 U.S.C. §
1144(a).  The Supreme Court has given broad meaning to "relate
to," stating: "[T]he phrase 'relate to' [is] given its broad
commonsense meaning, such that a state law 'relate[s] to' a
benefit plan in the normal sense of the phrase, if it has a
connection with or reference to such a plan." <u>Pilot Life Ins.</u>
<u>Co. v. Dedeaux</u>, 481 U.S. 41, 47 (1987).  The Third Circuit
instructs that a state law claim relates to an employee benefit

---

[3] Neither party addresses the first prong -- whether Mr.
Giorgi assigned his claims under § 502(a) and thus whether
Plaintiff could have brought this claim under § 502(a).  Without
any information about assignment, the Court will not address this
question.

[4] In <u>Pascack</u>, the absence of complete preemption defeated
federal jurisdiction and required remand to state court, because
the mere possibility of express preemption under § 514(a) did not
create a federal question necessary to support jurisdiction under
28 U.S.C. § 1331.  388 F.3d at 398-99.  The fact that Plaintiff's
claim is not completely preempted does not defeat federal
jurisdiction here, however, because jurisdiction in this case is
based on diversity, 28 U.S.C. § 1332, and not just federal
question.

plan if "the existence of an ERISA plan [is] a critical factor in establishing liability" and "the trial court's inquiry would be directed to the plan." 1975 Salaried Ret. Plan for Eligible Employees of Crucible, Inc. v. Nobers, 968 F.2d 401, 406 (3d Cir. 1992) (citing Ingersoll-Rand Corp. v. McClendon, 498 U.S. 133, 139-40 (1990)).

In Nobers, the Third Circuit considered whether a claim by former salaried employees alleging that their employer breached an employment contract that required their demotion to union positions before being laid off was preempted by § 514(a).  968 F.2d at 404.  The employees maintained that had they been demoted, as required by their contract, they would have received greater pension and related benefits than what they were entitled to as salaried employees.  Id.  The Court of Appeals found that the employees' claims did "relate to" ERISA under § 514(a), because the employees would not have brought suit if the ERISA plan did not exist and a court would have to look to the ERISA plan when calculating damages (even though the employer, not the plans, would have to pay any damages).  Id. at 406.  "In short," the Court of Appeals noted, "if there were no plan, there would have been no cause of action."  Id.

Likewise here, Plaintiff would not, and could not, have brought suit without the existence of the ERISA plan.  As the Third Circuit in Pascack observed under nearly identical circumstances:

> We have not overlooked the apparent convergence
> between the Hospital's breach of contract claim and
> a claim for benefits under § 502(a).  Because the
> Plan is a reimbursement plan, the payments made to
> the Hospital are the benefits received by [the
> beneficiaries] under the Plan.  As a result, it
> would appear that any claims the Hospital could
> have obtained by assignment from [the
> beneficiaries] would be for the same amount as the
> breach of contract claims that are the subject of
> this appeal.  Moreover, had the Hospital
> successfully sued [the beneficiaries] for the
> payments due, it would appear that any claims for
> reimbursement that [the beneficiaries] would have
> against the Plan would be claims for benefits under
> § 502(a).  Indeed, one of the principal reasons why
> courts have allowed participants and beneficiaries
> to assign their claims under § 502(a) is to avoid
> the necessity of providers suing patients in the
> first instance.

388 F.3d at 404 (emphasis in original).  Consequently, while
Plaintiff's right to recover may not arise from § 502(a) because
of the means that Plaintiff has used to seek relief, the
existence of the ERISA plan is essential to this cause of action.

    This Court would also be required to direct its inquiry to
the ERISA plan.  As the Pascack court noted, the amounts sought
are those benefits due under the ERISA plan and so, assuming the
Court found that Plaintiff had established liability, the Court
would necessarily have to find that a certain amount of benefits
were owed under the ERISA plan.  This is true even if, as
Plaintiff argues, the amount were not contested.  Such an
analysis "goes to the essence of the function of an ERISA plan --
the calculation and payment of the benefit due to a plan
participant."  Kollman v. Hewitt Associates, LLC, 487 F.3d 139,

150 (3d Cir. 2007); see Nobers, 968 F.2d at 406.

Plaintiff argues that its claim does not "relate to" ERISA because its "right to recovery depends entirely on the operation of third-party contracts executed by the ERISA Plan or their agent . . . that are independent of the ERISA Plan itself." The Court does not disagree and has consequently found that this cause of action is not subject to complete preemption under § 502(a). Nevertheless, as reflected in Nobers and Ingersoll, § 514(a) express preemption does not turn solely on the basis for liability or the need to interpret an ERISA plan. The Nobers plaintiffs sought relief under an employment contract independent of any ERISA plan. 968 F.2d at 404. The Ingersoll plaintiff alleged that he was wrongfully discharged by his employer to avoid paying ERISA benefits -- a claim that did not require looking to the plan terms, conditions, or administration. 498 U.S. at 141. Yet both claims were preempted, because the existence of the plan was essential to the suit and the courts would have been required to look to those plans to resolve the dispute. Ingersoll, 498 U.S. at 141; Nobers, 968 F.2d at 406. As discussed above, a similar analysis would be required here. Thus, under the reasoning in Pascack, Nobers, and Ingersoll, Plaintiff's breach of contract claims are expressly preempted by § 514(a) of ERISA.[5]

_____

[5] Plaintiff relies on several cases outside of this circuit, Blue Cross v. Anesthesia Care Assocs. Med. Group. Inc., 187 F.3d
(continued...)

10

**III.  CONCLUSION**

For the foregoing reasons, the Court will grant Defendant's motion to dismiss on the grounds that Plaintiff's claims are expressly preempted by § 514(a) of ERISA, though the Court finds that Plaintiff's claims are not completely preempted by § 502(a). The Court grants this motion without prejudice to Plaintiff pursuing their ERISA remedies under the Plan.


**December 1, 2009**                                     **s/ Jerome B. Simandle**
Date                                                              JEROME B. SIMANDLE
                                                                    U.S. District Judge

---

[5](...continued)
1045 (9th Cir. 1999), <u>Foley v. Southwest Tex. HMO</u>, 226 F. Supp. 2d 886 (E.D. Tex. 2002), <u>In re Managed Care Litigation</u>, 135 F. Supp. 2d 1253 (S.D. Fla. 2001), <u>Orthopaedic Surger Assocs. v. Prudential Health Care Plan, Inc.</u>, 147 F. Supp. 2d 595 (W.D. Tex. 2001), to support the position that this contract claim is not subject to preemption under § 514(a).  To the extent that these cases support such a position, they are inconsistent with the law of this circuit, to which this Court is bound.

11